JUDGE GARDEPHE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

12 CV 4710

|   |   |
|---|---|
| MICHAEL NEGRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| FULTON FRIEDMAN & GULLACE, LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

RECEIVED
JUN 15 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

1.     This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et

seq. (FDCPA) with a supplemental claim arising under New York General Business Law

(NYGBL) § 349.

## JURISDICTION AND VENUE

2.     Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331 in that this dispute involves predominant issues of federal law.  The defendant has

violated numerous provisions of the FDCPA.

3.     Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §

1367.

4.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Venue in this district is proper in that the defendant transacts business here and

the conduct complained of occurred here.

6.     The defendant regularly does business within this district, and has engaged in a persistent course of conduct within this district. The defendant also derives substantial revenue from services rendered in this judicial district and state.

7.     The defendant expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state. The defendant derives substantial revenue from interstate commerce.

8.     The defendant caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

### PARTIES

9.     Plaintiff MICHAEL NEGRON ("plaintiff") is a natural person who resided at all relevant times in Bronx County, New York.

10.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11.    Defendant FULTON FRIEDMAN & GULLACE, LLP ("defendant") is a domestic registered limited liability partnership.

12.    Defendant's principal place of business is located at 500 First Federal Plaza, Rochester, New York 14614.

13.    The principal purpose of defendant is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15.     All acts done by defendant's employees or agents were done on defendant's behalf.

16.     The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

17.     On September 14, 2009, defendant commenced a consumer credit action against plaintiff under the caption Independence Receivables Corp. v. Michael Negron, Index # 99941/09 ("The State Action"). **Exhibit 1** is the summons and complaint. The action was brought in City Civil Court, Bronx County.

18.     In its complaint dated September 4, 2009, defendant falsely alleged and represented that plaintiff "entered into a Credit Card Agreement, account number 2605536042009 with Bally Total Fitness wherein Bally Total Fitness agreed to extend credit and defendant agreed to repay any monies advanced. Said agreement included an annual finance charge."

19.     Bally Fitness extended no such credit, and no such annual finance charge applied.

20.     Defendant later admitted that it misrepresented the character of the alleged debt as a credit card when in fact it had intended to sue plaintiff for an alleged defaulted gym membership debt.

21.     Paragraphs 3, 4, 5, 6, 7, 8, 9, and 10 of Exhibit 1 contain misrepresentations concerning the alleged debt's character, legal status, and/or amount.

22.     Paragraph 2 of Exhibit 1 misrepresents the defendant's address as being in the "County of and State of New York."

23.     Paragraph 7 of Exhibit 1 contains the false, misleading, and deceptive statement, "the defendant(s) now owe the Plaintiff $875.15 plus interest from 7/29/09 at the statutory rate of 9%." The word "statutory rate" implies interest relating to a judgment. No judgment was ever awarded or proposed that would give any meaning or applicability to "statutory" interest. This statement is confusing and deceptive to the least sophisticated consumer.

24.     **Exhibit 2** is defendant's affidavit of service in the state action, which alleges to have completed service on plaintiff on October 13, 2009.

25.     Defendant failed to take proceedings, within one year of plaintiff's alleged default, for the entry of a default judgment as required under CPLR § 3215(c). Instead, defendant moved the court (**Exhibit 3**) on June 7, 2012 for leave to amend its complaint to allege the true character of the purported debt at issue. Defendant's motion papers, which include its proposed amended complaint, alleges breach of a contract for goods and services – instead of a credit card agreement.

26.     Exhibit 3 is clear evidence that defendant misrepresented the character of the alleged debt in its first complaint.

27.     Defendant's proposed amended complaint makes false and deceptive statements.

28.     Defendant drafted the amended complaint three years after the case was commenced.

29.     Upon information and belief, defendant relied solely on electronic hearsay to draft its amended complaint.

30.     Upon information and belief, defendant failed to obtain either the requisite documentation or other first party certification substantiating the merits of plaintiff's

alleged cause of action. Defendant could not certify the complaint as required under 22

NYCRR § 130 1.1-a. Defendant therefore filed the first and second action frivolously.

31.     Defendant maintains The State Action knowing that it will be unable to acquire

the requisite proof of standing and admissible evidence of the debt itself.

32.     Paragraph 8 of the Amended Complaint alleges "the defendant now owes interest

from 8/05/09." This interest date conflicts with the first complaint, which alleges "interest

from 7/29/09 at the statutory rate of 9%."

33.     Upon information and belief, defendant was without authority to collect any

interest from any date.

34.     Neither the first complaint nor the second proposed complaint contains a debt

collector's license number as required under CPLR 3015(e).

35.     Defendant's pleadings and motions were and are "communications" within the

meaning of FDCPA §1692a(2).

36.     The defendant's affirmation in support of its motion to amend admits (¶5) that

Mr. Negron did not answer the complaint. Defendant's affirmation makes no reference to

CPLR 3215(c).  Defendant seeks to unreasonably delay litigation while prejudicing the

plaintiff without demonstrating an acceptable excuse as required under CPLR 3215(c).

37.     It is respectfully alleged that proceeding in this fashion against an unrepresented

consumer is unfair, unconscionable and deceptive.

38.     Furthermore, Independence Receivables Corp., the plaintiff in The State Action,

maintains the action without having authority under New York Business Corporation

Law § 1312(a). It is unfairly maintaining this action as an unauthorized foreign

corporation.

39.     Independence Receivables Corp. has been dissolved by proclamation – and its authority annulled – on July 27, 2011 for what appears to be its failure to comply with tax obligations.

40.     Yet the Unified Court System (**Exhibit 4**) shows that Independence Receivables Corp. is currently maintaining at least 2,354 active cases in local New York courts. Stated another way, Independence Receivables Corp. is violating BCL § 1312(a) 2,354 times.

41.     Utilizing New York Courts with 2,354 active cases is evidence of continuous and systematic business in New York State sufficient to invoke compliance with BCL § 1312(a).

42.     It is respectfully alleged that defendant acted and acts deceptively, unfairly, and unethically in its role as counsel by prosecuting cases on behalf of a party it knows, or should know, lacks the authority to maintain the actions.

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

43.     The plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

44.     The defendant violated FDCPA §§1692d, 1692e, 1692e(2)(A), 1692e(3), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692e(12), 1692f, and 1692f(1) by and through the following acts and omissions:

  a)  Making false, misleading, and deceptive statements in its pleadings, motions, and communications.

  b)  Falsely representing the character, amount, and legal status of the debt.

  c)  Attempting to collect amounts not authorized by contract or statute.

  d)  Demanding "statutory interest of 9%" without authority by contract or statute.

e) Demanding any interest and an annual finance charge, which were not authorized by contract or statute.

f) Asserting different interest-accrual dates and asserting different and confusing interest types in its two complaints.

g) Misrepresenting the character of the alleged debt as defaulted credit card debt in its first complaint.

h) Prosecuting and maintaining thousands of actions, including The State Action, when representing plaintiff, Independence Receivables Corp., which lacked the authority to maintain said actions under BCL § 1312.

i) Threatening to take action, and actually taking action, that cannot legally be taken.

j) Failing to place its, or its client's, debt collection license number on any of its pleadings.

k) Proceeding in violation of CPLR § 3215(c) while it was aware it lacked access prima facie evidence is an unfair and deceptive litigation tactic.

l) In frivolously certifying pleadings without a reasonable belief as to their accuracy, and without a reasonable belief that its *prima facie* case could be met with admissible evidence.

m) Preparing and serving pleadings without meaningful attorney review.

n) Misrepresenting Independence Receivables Corps.' authority to maintain legal proceedings in the State of New York.

o) Violating, and conspiring to violate, numerous procedural rules simultaneously constitutes a deceptive means to attempt to collect a debt.

p) The defendant's actions as asserted herein constitute conduct the natural consequence of which is to harass, abuse, and annoy the plaintiff.

45.    As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for actual damages as set forth in this complaint, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

46.     The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

47.     NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the State of New York.

48.     The conduct complained of in this complaint occurred during, and in furtherance of, defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

49.     At all times material to this complaint, defendant's deceptive acts and practices that gave rise to the claims herein occurred while defendant conducted its business of collecting consumer debts.

50.     Defendant's collection acts and practices have been directed entirely at consumers.  Defendant's acts and practices have a broad impact on the New York consuming public.

51.     Defendant's collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

52.     Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections.  These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

53.     The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

54.     Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

55.     As a result of defendant's deceptive acts and practices, the plaintiff has suffered actual damages as alleged in this complaint.

56.     As a result of these violations of NYGBL § 349, plaintiff is entitled to an injunction barring defendant from engaging in deceptive acts and practices, including the collection of this discharged debt, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

**Plaintiff's Actual Damages**

57.     The lawsuit, to which the offending letter relates, creates an ongoing injury as time, money, and resources are spent defending a lawsuit that should not have been brought.

58.     The defendant's misconduct has caused the plaintiff to incur out-of-pocket costs, including legal fees and expenses.

59.     The plaintiff suffered other actual, non-pecuniary damages, including anxiety, fear, worry, fright, shock, hostility, lost concentration, stress, grief and loss of tranquility.

         **WHEREFORE,** plaintiff respectfully requests a trial by jury and also requests that judgment be entered against defendant for the following:

         a.      On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b.      On the SECOND CLAIM FOR RELIEF (NYGBL § 349), injunctive

relief, actual damages, three times the actual damages up to $1,000, costs and reasonable

attorneys' fees pursuant to NYGBL § 349(h); and

c.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury

as to all issues so triable.

Dated: New York, New York
June 12, 2012

Jesse Langel, Esq. (JL-7079)
The Langel Firm
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

**Exhibit 1**

# CONSUMER CREDIT TRANSACTION
# IMPORTANT!! YOU ARE BEING SUED !!
## THIS IS A COURT PAPER   A SUMMONS

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX        Index No.

File No.

File Date:

INDEPENDENCE RECEIVABLES CORPORATION
9841 WASHINGTONIAN BLVD., SUITE 410
GAITHERSBURG MD 20878
                          PLAINTIFF,

699941

SUMMONS
The basis of Venue is
Defendant's Residence

        against

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504
                    DEFENDANT.

TO THE ABOVE NAMED DEFENDANT:
    YOU ARE HEREBY SUMMONED TO APPEAR in the Civil Court of the City of New York, County of BRONX, at the Office of the Clerk of the said Court at 851 GRAND CONCOURSE, BRONX NY 10451, in the County of BRONX, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $875.15 with interest from 08/05/2009, together with the costs of this action.

Dated: Rochester, New York
        September 4, 2009
                Fulton, Friedman & Gullace LLP          By: _____
                Attorneys for Plaintiff
                500 First Federal Plaza                 Jason Verhagen, Esq.
                Rochester, NY 14614                     Dante Gullace, Esq.
                (866) 563-0809        2605536042009 102045

Note: The law provides that:
    (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, you are allowed THIRTY (30) DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT within which to appear and answer.

# TRANSACCION DE CREDITO DEL CONSUMIDOR
# !IMPORTANTE! !UD. HA SIDA DEMANDADO!
## ESTE ES UN DOCUMENTO LEGAL    UNA CITACION

!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). !SI UD.NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK

CONDADO DE  BRONX         No. de epigrafe

File No.

File Date:

INDEPENDENCE RECEIVABLES CORPORATION
9841 WASHINGTONIAN BLVD., SUITE 410
GAITHERSBURG MD 20878         DEMANDANTE,

CITACION

La raz n de haber designado esta
corte es residencia del Demandado

vs.

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504

DEMANDADO.

Al demandado arriba mencionado: USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de BRONX, a la oficina del Jefe Principal de dicha Corte en 851 GRAND CONCOURSE,  BRONX NY 10451, en el Condado de BRONX, Ciudad Y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dictara sentencia contra usted en la suma de $875.15, con intereses desde 08/05/2009 incluyendo las costas de esta causa.

Fechado:      Rochester, NY
              September 4, 2009

Jason Verhagen, Esq.
Dante Gullace, Esq.
Fulton, Friedman & Gullace LLP
Attorneys for Plaintiff
500 First Federal Plaza
Rochester, NY  14614
(866) 563-0809

NOTA: La Ley provee que:
    (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VIENTE dias despues de la entrega; o
    (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afurea de la Ciudad de Nueva York, o por medio de publicacion, o por ostros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

CIVIL COURT OF THE CITY OF NEW YORK    COUNTY OF BRONX
STATE OF NEW YORK

INDEPENDENCE RECEIVABLES CORPORATION
9841 WASHINGTONIAN BLVD., SUITE 410
GAITHERSBURG MD 20878                    PLAINTIFF

                                      COMPLAINT

-against-

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504

                            DEFENDANT(S)

The Plaintiff for a complaint against defendant alleges upon information and belief:

1.     That at all times relevant to this action, the Plaintiff was and still is a foreign corporation, having an office and place for the regular transaction of business at the address set forth above.

2.     Upon information and belief, at the time of the commencement of this action the defendant resided at the address in the caption of this action in the County of  and State of New York.

3.     That the defendant entered into a Credit Card Agreement, account number 2605536042009, with Bally Total Fitness wherein Bally Total Fitness agreed to extend credit to defendant and defendant agreed to repay any monies advanced.  Said agreement included an annual finance charge.

4.     That during the past six years, pursuant to said agreement, defendant(s) or persons authorized by the defendant(s) incurred indebtedness through the use of one or more credit cards issued in the name of defendant(s)

5.     Thereafter, the Defendant(s) breached the agreement by defaulting on the payment obligations contained therein.

6.     That the agreement between the Defendant(s) and Bally Total Fitness was assigned to the Plaintiff  or the Plaintiffs predecessor and the Plaintiff is now the owner and holder of the agreement.

7.     That the Defendant(s) now owe the Plaintiff $875.15 plus interest from 07/29/2009 at the statutory rate of 9%.

8.     That no part of the amount due and owing has been paid although payment has been duly demanded.

### AS AND FOR A SECOND CAUSE OF ACTION

9.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 8 of this  complaint with the same force and effect as if same were set forth more fully herein at length.

10.     That prior to the commencement of this action statements of the claim were sent to the defendant which the defendant accepted and retained without objection.

WHEREFORE: Plaintiff demands judgment against the defendant(s) as follows:

ON THE FIRST CAUSE OF ACTION, the plaintiff demands judgment against the

defendant(s) for the sum of $875.15 with interest from 07/29/2009 at 9% together with the costs and disbursements of this action; **or**

ON THE SECOND CAUSE OF ACTION, the plaintiff demands judgment against the defendant(s) for the sum of $875.15 with interest from 07/29/2009 together with the costs and disbursements of this action.

Dated: September 4, 2009

Fulton Friedman & Gullace LLP

Jason Verhagen, Esq.
Dante Gullace, Esq.
Attorneys for Plaintiff
500 First Federal Plaza
Rochester, New York 14614
(866) 563-0809

2605536042009

# Exhibit 2

Form 22A - SUITABLE WITH CONSUMER CREDIT

**FULTON FRIEDMAN & GULLACE LLP**   FULTON FRIEDMAN & GULLACE LLP

CIVIL COURT BRONX COUNTY STATE OF NEW YORK

----------------------------------------------------------

INDEPENDENCE RECEIVABLES CORPORATION;

                               - vs -

MICHAEL NEGRON

----------------------------------------------------------

index No. **99941/09**
Date Filed

PLAINTIFF

Office No. **102045**
Court Date.

DEFENDANT

                 STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

CARLOS CASTRO being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York.
That on the 03RD day of **OCTOBER, 2009 2:59PM** at
        **3318 DE REIMER AVE. APT#3**
        **BRONX NY 10475-1504**
I served the **SUMMONS AND COMPLAINT,**
upon **MICHAEL NEGRON**
the DEFENDANT therein named by delivering and leaving a true copy or copies of the
aforementioned documents with **MILAGROS (SMITH)**, **CO-TENANT WHO REFUSED LAST NAME**
a person of suitable age and discretion.
        Deponent describes the person served as aforesaid to the best of
deponent's ability at the time and circumstances of the service as follows.

        SEX: **FEMALE** COLOR: **BROWN** HAIR: **BLACK**
        APP.AGE: **50** APP. HT: **5'4** APP. WT: **130**
        OTHER IDENTIFYING FEATURES

On 10/08/2009 I deposited in the United States mail another true copy of the aforementioned
documents properly enclosed and sealed in a post-paid wrapper addressed to the said
DEFENDANT at the above address. That being
**the last known residence, usual place of abode of the DEFENDANT.**

Copy mailed 1st class mail marked personal and confidential not indicating on the outside
thereof by return address or otherwise that said notice is from an attorney or concerns an
action against the person to be served.

COMMENTS:

DEPONENT further states that the summons served upon the defendant(s) had displayed and set
forth on its face the words and added legend or caveat required by sub (e) (f) and (h) of
section 2900;2 of the Civil Court Rules

Sworn to before me this
08TH day of OCTOBER, 2009



JOEL GOLUB
Notary Public, NASSAU COUNTY
  01G04751136
Qualified in NASSAU COUNTY
Commission Expires 12/31/2009

CARLOS CASTRO 1C21960
AETNA CENTRAL JUDICIAL SERVICES
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 1-FFG-35613

**Exhibit 3**

CIVIL COURT OF THE CITY OF NEW YORK          STATE OF NEW YORK
COUNTY OF BRONX

INDEPENDENCE RECEIVABLES CORP.               INDEX NO. 99941/09
          Plaintiff,

                                             **NOTICE OF MOTION**
     -against-                               **FOR LEAVE TO AMEND**
                                             **COMPLAINT**
MICHAEL NEGRON
3318 DE REIMER AVENUE #3
BRONX, NY 10475
          Defendant

          PLEASE TAKE NOTICE, that upon the affirmation of Megan E. Gullace, Esq.

the attached exhibits, the summons and complaint heretofore served herein, and upon the

proposed amended complaint annexed hereto, a motion pursuant to CPLR 3025 will be

made at a motion Term of this Court to be held in and for the City of New York, County

of Bronx at 851 Grand Concourse, Bronx, New York, Part 34C, Room 504 on June 7,

2012 at 9:30 a.m., for an order granting leave to Plaintiff to serve the proposed amended

complaint as presented herein and for such other and further relief as may be just, proper

and equitable.

          Pursuant to CPLR 2214(d), answering affidavits, if any, are required to be served

upon the undersigned at least seven (7) days before the return date of this motion.

DATED: May 17, 2012

                                   *Megan E Gullace*
                                   Megan E. Gullace, Esq.
                                   Fulton Friedman & Gullace, LLP
                                   Attorney for the Plaintiff
                                   28 E. Main Street, Suite 500
                                   Rochester, New York 14614
                                   (866) 563-0809

     TO:   Michael Negron
           Pro se
           3318 De Reimer Avenue #3
           Bronx, NY 10475

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX                    STATE OF NEW YORK

INDEPENDENCE RECEIVABLES CORP.

        Plaintiff,

                           Index No.: 99941/09

-against-

MICHAEL NEGRON
3318 DE REIMER AVE #3
BRONX, NY 10475
               Defendant.

## AFFIRMATION IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

Megan E. Gullace, as attorney for the Plaintiff, affirms as follows:

1.     I am an associate attorney for Fulton Friedman & Gullace, LLP, the attorneys for the Plaintiff in this action and as such, I am familiar with the facts of this case. I make this affirmation in support of Plaintiff's for leave to amend the complaint.

2.     The following Exhibits have been attached to this motion and are made a part hereof:

Exhibit A:     Plaintiff's summons and complaint
Exhibit B:     Proposed Amended Complain

3.     This Affirmation is submitted in support of Plaintiff's motion for leave to amend the complaint in its action for breach of contract based upon Defendant's default in payment.

4.     On 09/14/2009, my office commenced suit on behalf of the Plaintiff against the Defendant by filing a summons and complaint. Thereafter, on or about 10/03/2009, copies of the summons and complaint were served upon the Defendant. See **Exhibit A**.

5.    Defendant did not answer the complaint and his time to do so has expired.

6.    Plaintiff's Complaint alleges that Defendant entered into a credit card agreement with Bally's Total Fitness ("Bally's"), used the credit card to make purchases and then defaulted in payment.

7.    In fact, Defendant entered into a contract with Bally's for the use of its fitness facilities, which he defaulted by failing to make the required payments.

8.    Plaintiff now requests leave to serve the proposed amended complaint attached hereto which accurately states the nature of Plaintiff's claims against Defendant.

WHEREFORE, it is respectfully requested that Plaintiff's motion for leave to serve an amended complaint be granted and that Plaintiff be allowed to serve the annexed Amended Complaint on the Defendant.

Dated: May 17, 2012

*Megan E. Gullace*

Megan E. Gullace, Esq.
Fulton Friedman & Gullace, LLP
Attorney for the Plaintiff
500 First Federal Plaza
Rochester, New York 14614
(585) 563-0809

# EXHIBIT A

# CONSUMER CREDIT TRANSACTION
# IMPORTANT!! YOU ARE BEING SUED !!
# THIS IS A COURT PAPER   A SUMMONS

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX          Index No.

File No.

File Date:

INDEPENDENCE RECEIVABLES CORPORATION
9841 WASHINGTONIAN BLVD., SUITE 410
GAITHERSBURG MD 20878
                         PLAINTIFF,

699941

SUMMONS
The basis of Venue is
Defendant's Residence

        against

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504
                  DEFENDANT.

TO THE ABOVE NAMED DEFENDANT:
    YOU ARE HEREBY SUMMONED TO APPEAR in the Civil Court of the City of New York, County of BRONX, at the Office of the Clerk of the said Court at  851 GRAND CONCOURSE,  BRONX NY 10451, in the County of BRONX, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $875.15 with interest from 08/05/2009, together with the costs of this action.

Dated: Rochester, New York
       September 4, 2009
              Fulton, Friedman & Gullace LLP          By: _____
              Attorneys for Plaintiff                      Jason Verhagen, Esq.
              500 First Federal Plaza                       Dante Gullace, Esq.
              Rochester, NY  14614
              (866) 563-0809          2605536042009 102045

Note: The law provides that:
    (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, you are allowed THIRTY (30) DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT within which to appear and answer.

# TRANSACCION DE CREDITO DEL CONSUMIDOR
## !IMPORTANTE! !UD. HA SIDA DEMANDADO!
## ESTE ES UN DOCUMENTO LEGAL   UNA CITACION

!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). !SI UD.NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES, (PROPIEDAD) Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE INMEDIATAMENTE. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE  BRONX                 No. de epigrafe

File No.

File Date:

INDEPENDENCE RECEIVABLES CORPORATION
9841 WASHINGTONIAN BLVD., SUITE 410
GAITHERSBURG MD 20878

DEMANDANTE.
CITACION
La raz n de haber designado esta
corte es residencia del Demandado

vs.

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504
                  DEMANDADO.

Al demandado arriba mencionado: USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York, Condado de BRONX, a la oficina del Jefe Principal de dicha Corte en 851 GRAND CONCOURSE,  BRONX NY 10451, en el Condado de BRONX, Ciudad Y Estado de Nueva York, dentro del tiempo provisto por la ley segun abajo indicado y presentar su respuesta a la demanda adjunta al Jefe de la Corte; si usted no comparece a contestar se dictara sentencia contra usted en la suma de $875.15, con intereses desde 08/05/2009 incluyendo las costas de esta causa.

Fechado:        Rochester, NY
                September 4, 2009

Jason Verhagen, Esq.
Dante Gullace, Esq.
Fulton, Friedman & Gullace LLP
Attorneys for Plaintiff
500 First Federal Plaza
Rochester, NY  14614
(866) 563-0809

NOTA: La Ley provee que:
    (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responderla dentro de VIENTE dias despues de la entrega; o
    (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afurea de la Ciudad de Nueva York, o por medio de publicacion, o por ostros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.

CIVIL COURT OF THE CITY OF NEW YORK          COUNTY OF BRONX
STATE OF NEW YORK

INDEPENDENCE RECEIVABLES CORPORATION
9841 WASHINGTONIAN BLVD., SUITE 410
GAITHERSBURG MD 20878                               PLAINTIFF

                                                   COMPLAINT

-against-

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504
                              DEFENDANT(S)

The Plaintiff for a complaint against defendant alleges upon information and belief:
1.      That at all times relevant to this action, the Plaintiff was and still is a foreign corporation, having an office and place for the regular transaction of business at the address set forth above.
2.      Upon information and belief, at the time of the commencement of this action the defendant resided at the address in the caption of this action in the County of  and State of New York.
3.      That the defendant entered into a Credit Card Agreement, account number 2605536042009, with Bally Total Fitness wherein Bally Total Fitness agreed to extend credit to defendant and defendant agreed to repay any monies advanced.  Said agreement included an annual finance charge.
4.      That during the past six years, pursuant to said agreement, defendant(s) or persons authorized by the defendant(s) incurred indebtedness through the use of one or more credit cards issued in the name of defendant(s)
5.      Thereafter, the Defendant(s) breached the agreement by defaulting on the payment obligations contained therein.
6.      That the agreement between the Defendant(s) and Bally Total Fitness was assigned to the Plaintiff   or the Plaintiffs predecessor and the Plaintiff is now the owner and holder of the agreement.
7.      That the Defendant(s) now owe the Plaintiff $875.15 plus interest from 07/29/2009 at the statutory rate of 9%.
8.      That no part of the amount due and owing has been paid although payment has been duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION
9.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 8 of this complaint with the same force and effect as if same were set forth more fully herein at length.
10.     That prior to the commencement of this action statements of the claim were sent to the defendant which the defendant accepted and retained without objection.

WHEREFORE: Plaintiff demands judgment against the defendant(s) as follows:

ON THE FIRST CAUSE OF ACTION, the plaintiff demands judgment against the

defendant(s) for the sum of S875.15 with interest from 07/29/2009 at 9% together with the costs and disbursements of this action; **or**

**ON THE SECOND CAUSE OF ACTION,** the plaintiff demands judgment against the defendant(s) for the sum of $875.15 with interest from 07/29/2009 together with the costs and disbursements of this action.

Dated: September 4, 2009

Fulton Friedman & Gullace LLP

Jason Verhagen, Esq.
Dante Gullace, Esq.
Attorneys for Plaintiff
500 First Federal Plaza
Rochester, New York 14614
(866) 563-0809

2605536042009

Form 22A - SUITABLE WITH CONSUMER CREDIT

**FULTON FRIEDMAN & GULLACE LLP**   FULTON FRIEDMAN & GULLACE LLP

CIVIL COURT BRONX COUNTY STATE OF NEW YORK

-----------------------------------------------

INDEPENDENCE RECEIVABLES CORPORATION;

- vs -

MICHAEL NEGRON

-----------------------------------------------

Index No. **99941/09**
Date Filed

PLAINTIFF

DEFENDANT

Office No. **102045**
Court Date.

STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

CARLOS CASTRO being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York.
That on the **03RD** day of **OCTOBER, 2009 2:59PM** at
      **3318 DE REIMER AVE. APT#3**
      **BRONX NY 10475-1504**
I served the **SUMMONS AND COMPLAINT,**
upon **MICHAEL NEGRON**
the **DEFENDANT** therein named by delivering and leaving a true copy or copies of the aforementioned documents with **MILAGROS (SMITH), CO-TENANT WHO REFUSED LAST NAME** a person of suitable age and discretion.
            Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.

      SEX: **FEMALE** COLOR: **BROWN** HAIR: **BLACK**
      APP.AGE: **50** APP. HT: **5'4** APP. WT: **130**
      OTHER IDENTIFYING FEATURES

On 10/08/2009 I deposited in the United States mail another true copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the said **DEFENDANT** at the above address. That being
the last known residence, **usual place of abode of the DEFENDANT.**

Copy mailed 1st class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

COMMENTS:

DEPONENT further states that the summons served upon the defendant(s) had displayed and set forth on its face the words and added legend or caveat required by sub (e) (f) and (h) of section 2900;2 of the Civil Court Rules

Sworn to before me this
08TH day of OCTOBER, 2009


JOEL GOLUB
Notary Public, NASSAU COUNTY
  01GO4751136
Qualified in NASSAU COUNTY
Commission Expires 12/31/2009

CARLOS CASTRO 1C21960
AETNA CENTRAL JUDICIAL SERVICE
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 1-FFG-35613

# EXHIBIT B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

INDEPENDENCE RECEIVABLES CORP.
9841 WASHINGTON BLVD. , SUITE 410
GAITHERSBURG, MARYLAND 20878

PLAINTIFF

AMENDED
COMPLAINT

-against-

MICHAEL NEGRON
3318 DE REIMER AVE # 3
BRONX NY 10475-1504

DEFENDANT(S)

The Plaintiff for a complaint against defendant alleges upon information and belief:

1.  That at all times relevant to this action, the Plaintiff was and still is a Maryland Corporation, having an office and place for the regular transaction of business at the address set forth above.

2.  That at all times relevant to this action, the Plaintiff held and continues to hold a valid New York City debt collection license under license number .

3.  Upon information and belief, at the time of the commencement of this action the defendant resided at the address in the caption of this action in the County of BRONX and State of New York.

4.  That the defendant entered into a contract with BALLY'S FITNESS CENTERS wherein BALLY'S FITNESS CENTERS agreed to provide goods, services and/or access to their facilities for the benefit of the defendant.

5.  That the defendant did in fact receive the goods, services and/or access to BALLY'S FITNESS CENTERS facilities.

6.  That the defendant agreed to pay BALLY'S FITNESS CENTERS for the goods, services and/or access to BALLY'S FITNESS CENTERS facilities.

7.  That the defendant breached the contract by defaulting on the payment obligations contained in the contract.

8.  Subsequent to the defendant's default, the contract between BALLY'S TOTAL FITNESS and the defendant was assigned to the plaintiff herein. As a result of the assignment, the defendant now owes the plaintiff $875.15 plus interest from 08/05/2009.

9.  That no part of the amount due and owing has been paid although payment has been duly demanded.

**WHEREFORE:** Plaintiff demands judgment against the defendant(s) for the sum of $875.15 with interest from 08/05/2009 together with the costs and disbursements of this action.

Dated: May 17, 2012

Fulton Friedman & Gullace LLP

Jason P. Verhagen, Esq./ Maria J. Reed, Esq.
Dante Gullace, Esq./ Patricia A. Blair, Esq.
Attorneys for Plaintiff
28 E. Main Street, Suite 500
Rochester, New York 14614
(866) 563-0809

XXXXXXXXX2009

**Exhibit 4**

# *WebCivil Local - Case Search Results*

2354 Case(s) Match Your Search.   **Page 1 of 95 pages**
[First Page] [Next Page] [Previous Page] [Last Page]  Select Records Range: [＿＿＿＿＿ ♦]  [New Search] [Edit Search]

Please scroll down to see more cases.

| | Court | Index Number | Case Status | Plaintiff | Plaintiff Firm | Defendant | Defendant Appearance Firm | Date | Judge/Part |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Albany City Court | CV-002943-09/AL | Disposed | Independence Receivables Corporation | Fulton, Friedman & Gullace, LLP | Evam Bass | | 02/16/2011 | Honorable Gary F. Stiglmeier Civil |
| 2 | Albany City Court | CV-003442-09/AL | Disposed | Independence Receivables Corporation | Fulton, Friedman & Gullace, LLP | Tamika Gordon | | | |
| 3 | Albany City Court | CV-003826-09/AL | Disposed | Independence Receivables Corporation | Fulton, Friedman & Gullace, LLP | Pradeep Ankaraju | | | |
| 4 | Albany City Court | CV-004378-10/AL | Active | Independence Receivables Corporation | Fulton, Friedman & Gullace, LLP | Sarae Perry | | 07/30/2012 | Civil |
| 5 | Albany City Court | CV-004379-10/AL | Active | Independence Receivables Corporation | Fulton, Friedman & Gullace, LLP | Tanisha Murphy | | 07/30/2012 | Civil |
| 6 | Albany City Court | CV-004380-10/AL | Disposed | Independence Receivables Corporation | Fulton, Friedman & Gullace, LLP | Brunilda Mecollari | | 05/09/2011 | Clerk's Office Civil |
| 7 | Amsterdam City Court | CV-001626-07/AM | Active | INDEPENDENCE RECEIVABLES CORPORATION | WOLPOFF AND ABRAMSON | NICHCOLA BARRACLOUGH | | | Honorable Howard M. Aison |
| 8 | Amsterdam City Court | CV-000767-08/AM | Disposed | INDEPENDENCE RECEIVABLES CORPORATION ASSIGNEE OF FIRST USA BANK | MANN BRACKEN LLC | WILLIAM MCCREDIE | | | Honorable Howard M. Aison |
| 9 | Amsterdam City Court | CV-001562-09/AM | Disposed | INDEPENDENCE RECEIVABLES CORPORATION | FULTON FRIEDMAN & GULLACE LLP | TIMOTHY GREEN | | | Honorable Howard M. Aison |
| 10 | Amsterdam City Court | CV-000035-10/AM | Disposed | INDEPENDENCE RECEIVABLES CORPORATION | FULTON FRIEDMAN & GULLACE LLP | IDALIZ SOTO | | | Honorable Howard M. Aison |
| 11 | Auburn City Court | CV-001114-07/AU | Disposed | Independence Receivables | Wolpoff & Abramson | Marselle McNeazer | | | |